**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHRISTINA LAMBERT (2),<br><br>　　　　　　　　　　　Defendant. | Case No. 17cr2226-MMA-2<br>*Related Civil Case No. 19cv716-MMA*<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 68] |

On September 12, 2017, Defendant Christina Lambert pleaded guilty to a two-count Information charging her with conspiracy to distribute methamphetamine (Count 1) and conspiracy to distribute heroin (Count 2), both in violation of Title 21, United States Code, sections 841(a)(1) and 846. *See* Doc. No. 35. Defendant was sentenced to a mandatory minimum custodial term of sixty months, concurrent on Counts 1 and 2, followed by five years of supervised release. *See* Doc. Nos. 67, 77. Defendant now moves to vacate her conviction and correct her sentence pursuant to Title 28, section 2255, arguing that she received ineffective assistance of counsel. *See* Doc. No. 68. The government has filed a response in opposition to Defendant's motion. *See* Doc. No. 81. For the reasons set forth below, the Court **DENIES** Defendant's motion.

1

## Discussion

Section 2255 provides a prisoner in federal custody under sentence of a federal court the right to move the court which imposed the sentence to vacate, set aside, or correct the sentence upon several grounds, including ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Ineffective assistance of counsel requires a showing "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases." *Lambert v. Blodgett*, 393 F.3d 943, 979-80 (9th Cir. 2004). Further, a prisoner moving for relief under Section 2255 on this ground must show "not only proof of deficient performance, but also resulting prejudice." *United States v. Fabian-Baltazar*, 931 F.3d 1216, 1217 (9th Cir. 2019) (citing *Strickland*, 466 U.S. at 687-88). Prejudice requires "demonstrating that 'there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.'" *United States v. Hayat*, 2019 WL 3423538 at *15 (July 30, 2019) (quoting *Bonin v. Calderon*, 59 F.3d 815, 838 (9th Cir. 1995)).

Defendant first claims that her attorney was ineffective for failing to have two of her prior felonies reduced to misdemeanors, which she claims would have resulted in a lower sentence. *See* Doc. No. 68 at 20-21. Defendant relies upon California's Proposition 47, which provides a person convicted of certain felonies that have been reclassified to misdemeanors opportunity to request resentencing in accordance with those reclassifications.[1] Here, however, even if counsel's alleged failure to seek

---

[1] Proposition 47 is codified in California Penal Code section 1170.18, which provides in pertinent part: A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 47a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

reclassification of her prior offenses failed to meet the demanded level of competence, Defendant cannot prove resulting prejudice because the resulting sentence would not have been different than the one imposed. *See Bonin*, 59 F.3d at 838.

As a threshold matter, this Court lacks the authority to reduce Defendant's state court felony convictions to misdemeanors. Proposition 47 is codified in California Penal Code section 1170.18, which enables a prisoner to request resentencing "before the trial court that entered the judgment of conviction in his or her case." Cal. Penal Code § 1170.18(a). Consequently, any relief under the statute must be provided by the relevant state court of conviction. *Id.* And any such relief would not have benefited Defendant in these proceedings, for two reasons.

First, Defendant had five prior felony drug-related convictions. *See* Doc. No. 41, at 9-13. Pursuant to the United States Sentencing Guidelines, this corresponds to ten criminal history points, placing Defendant in a criminal history category V. *See id.* at 15, 28. However, only two of Defendant's state court felonies are potentially eligible for reduction under Proposition 47. Doc. No. 41, at 11-12. Even with both of these felony convictions reduced to misdemeanors, Defendant would still have six criminal history points and fall under a criminal history category III.[2] As such, Defendant would remain subject to the minimum mandatory term pursuant to the statute of conviction. *See* 21 U.S.C. § 841(b)(1)(B).

Second, in *United States v. Salazar-Mojica*, the Ninth Circuit held that a subsequent reduction of a state conviction from felony to misdemeanor status does not have "any impact on the Guidelines calculation" for purposes of sentencing. 634 F.3d 1070, 1072-74 (9th Cir. 2011). Thus, even if Defendant's state court felony convictions were eligible for reduction under Proposition 47, she would still be subject to mandatory

---

[2] Convictions under section 11377 of the California Health and Safety Code are eligible for reduction according to California Penal Code Section 1170.18. Defendant has two convictions under section 11377, together adding four criminal history points. *See* Doc. No. 41

3

minimum sentencing requirements and ineligible for a sentence lower than the one imposed. *See id.* Ultimately, Defendant cannot show "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Hayat*, 2019 WL 3423538 at *15 (quoting *Bonin*, 59 F.3d at 838).

Defendant also claims her counsel was ineffective for not securing a better plea deal. *See* Doc. No. 68, at 14. The ineffectiveness inquiry requires Defendant to show "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases." *Lambert*, 393 F.3d at 979-80. According to Defendant, counsel advised her that accepting the plea deal would be beneficial, and that reclassifications under Proposition 47 do not matter to her case. *See* Doc. No. 68 at 20-21. As explained above, defense counsel provided Defendant with accurate legal advice: reclassifications of Defendant's prior felonies to misdemeanors would not have impacted her sentence in this case.

Moreover, a finding of prejudice still requires Defendant to show that "but for counsel's errors, [s]he would either have gone to trial or received a better plea bargain." *United States v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004). Defendant does not claim that she would have insisted on going to trial but for counsel's errors, only that she should have received a better plea bargain and a lower sentence. *See* Doc. No. 68 at 20-22. However, Defendant received the lowest sentence possible in light of her criminal history, which could not have been reduced through retroactive application of Proposition 47. *See Salazar-Mojica*, 634 F.3d at 1072. Defendant cannot show that she would have gotten a better plea bargain but for counsel's alleged errors because she could not have received a sentence below the one imposed according to federal minimum mandatory sentencing requirements. Defendant fails to demonstrate the requisite prejudice.

Defendant's final argument is that her counsel failed to present all mitigating factors at sentencing, including her mental illness and difficult upbringing. *See* Doc. No. 68 at 22. Defendant argues she would have received a lower sentence had the Court considered these factors. *See id.* The record belies Defendant's claim.

4

Defense counsel did present mitigating factors on Defendant's behalf that the Court considered in arriving at the sixty-month sentence imposed. *See* Doc. No. 51 at 2; Doc. No. 77 at 6-7. Defense counsel submitted a Sentencing Memorandum asking the Court to take into consideration Defendant's "tumultuous and chaotic childhood, adolescence and adulthood," as well as her "emotional and mental health issues," when sentencing. Doc. No. 51, at 2:2-4. During Defendant's sentencing hearing, the Court explained that it arrived at the mandatory minimum sentence of sixty months "by considering a significant downward departure or equivalent variance to recognize some potentially mitigating and extenuating circumstances . . . including her . . . traumatic and disadvantaged upbringing [and] her compromised mental and emotional condition." Doc. No. 77 at 6-7. And even if Defendant's attorney failed to adequately argue all mitigating factors in accordance with the objective standard of reasonableness, Defendant must show "not only proof of deficient performance, but also resulting prejudice." *Fabian-Baltazar*, 931 F.3d at 1217 (citing *Strickland*, 466 U.S. at 687-88). As explained above, Defendant cannot show prejudice, as she was statutorily ineligible to receive a lower sentence than the one imposed.

### CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly in the related civil case and terminate that action.

**IT IS SO ORDERED**.

DATE: November 5, 2019

_____
HON. MICHAEL M. ANELLO
United States District Judge